People v Moorer (2018 NY Slip Op 00754)





People v Moorer


2018 NY Slip Op 00754


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1456 KA 14-00063

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEVONTE R. MOORER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (LINDA M. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered March 15, 2013. The judgment convicted defendant, upon a nonjury verdict, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). Defendant's cell phone was located when the police contacted defendant's cell phone service provider to "ping" the cell phone. The police found the cell phone in a backpack under a cot at a certain residence on Zimbrich Street in Rochester, and the contents of the backpack helped them to identify defendant as the perpetrator of the homicide herein. Defendant contends that County Court erred in denying that part of his omnibus motion seeking to suppress evidence obtained via the pinging of his cell phone. According to defendant, he had a reasonable expectation of privacy in the real-time location of his cell phone and that, to effect a real-time ping of the cell phone legally, the police were required to obtain a warrant. In defendant's view, without the illegal pinging of his cell phone and the evidence obtained as a result thereof, there was no trial evidence identifying him as the perpetrator. Even assuming, arguendo, that the pinging of defendant's cell phone constituted a search implicating the protections of the Federal and State Constitutions (see US Const Fourth Amend; NY Const, art I, § 12), we conclude that any error in failing to suppress the evidence obtained as a result of the pinging is harmless inasmuch as the proof of defendant's identity was overwhelming and there is no reasonable possibility that defendant otherwise would have been acquitted (see generally People v Crimmins , 36 NY2d 230, 237 [1975]). Similarly, even assuming, arguendo, that the court erred in determining that defendant abandoned the backpack and its contents, we further conclude that any such error is harmless (see id. ).
Contrary to defendant's contention, the sentence is not unduly harsh or severe.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court